UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON ANTONSANTI and
JESSICA GODINEZ,

    Plaintiff,

v.

Case No. _____

NAVIENT SOLUTIONS, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc.[1] ("NSL") removes the above-styled action from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, Tampa Division under 28 U.S.C. §§ 1331, 1367, 1441, 1446 and M.D. Fla. L.R. 4.02.

### I. BACKGROUND

On August 1, 2017, plaintiffs Nelson Antonsanti and Jessica Godinez ("Plaintiffs") commenced Case No. 512017CA002455CAAXES in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, styled *Nelson Antonsanti and Jessica Godinez v. Navient Solutions, Inc.* Plaintiffs' Complaint and Jury Demand ("Complaint") in the lawsuit asserts claims against NSL for (1) violation of the Florida

---

[1] In connection with a corporate reorganization, Defendant Navient Solutions, Inc. converted to a Delaware limited liability company and changed its name from "Navient Solutions, Inc." to "Navient Solutions, LLC," effective as of January 31, 2017.

Consumer Collection Practices Act, Fla. Stat. § 559.77(1) ("FCCPA"), and (2) violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). Plaintiffs seek actual damages, statutory damages, injunctive relief, attorneys' fees, and costs.

## II.   BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

The Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States and, thus, is a case that may be removed to this Court pursuant to 28 U.S.C. § 1441(a). Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiffs allege "[t]his is an action . . . for violations of the TCPA" arising out of NSL's purported use of an automatic telephone dialing system to call Plaintiffs' cellular telephone without their consent. *See* Complaint ¶¶ 39-55. These allegations are sufficient to present a claim under the TCPA. This Court accordingly has federal question jurisdiction. *See Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 377, 132 S. Ct. 740, 748, 181 L. Ed. 2d 881 (2012) (holding federal courts have original jurisdiction over TCPA claims pursuant to 28 U.S.C. §1331).

In addition, this Court has supplemental jurisdiction over Plaintiffs' state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

## III.   THE PROCEDURAL REQUIREMENTS HAVE BEEN MET

Removal of this action is timely under 28 U.S.C. § 1446(b)(2)(B) because Plaintiffs served NSL on August 23, 2017. Venue is proper because the United States

District Court for the Middle District of Florida embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a); M.D. Fla. L.R. 1.02(b)(4). Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02, a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **Exhibit A**. Promptly after filing this Notice of Removal, NSL will give notice to Plaintiffs and the state court regarding the removal of this action pursuant to 28 U.S.C. § 1446(d).

### IV.  CONCLUSION

Removal of this action is proper under 28 U.S.C. § 1331 as Plaintiffs' Complaint presents a claim arising under the laws of the United States, i.e., the TCPA. Because Plaintiffs' state law claims under the FCCPA arise out of the same case or controversy, this Court should exercise jurisdiction over all claims.

Dated: September 12, 2017            Respectfully submitted,

                                                              _____
                                                              Katherine Miller
                                                              Florida Bar No. 104790
                                                              HUNTON & WILLIAMS LLP
                                                              1111 Brickell Avenue, Suite 2500
                                                              Miami, Florida 33131
                                                              Telephone: (305) 810-2500
                                                              Facsimile: (305) 810-1610
                                                              Email: KMiller@Hunton.com

                                                              *Counsel for Defendant Navient Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that on September 21, 2017, a copy of the foregoing document was filed with the Clerk of the Court. I further certify the foregoing document was also served to the following counsel of record via regular mail.

Christie D. Arkovich
Barbara C. Leon
Christie D. Arkovich, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813) 258-2808
*Attorney for Plaintiff*

_____
Katherine Miller